After an evidentiary hearing, a judge of the Middlesex Superior Court allowed motions to suppress evidence filed by the defendants Rameses Canelus and Daqwan Collins. The motion judge found that Cambridge police officers lacked reasonable suspicion to believe Canelus was armed and dangerous at the time police stopped and searched him, and ordered the suppression of a firearm found during the search of a backpack carried by Canelus as well as other evidence and statements obtained from both defendants. After receiving permission from a single justice of the Supreme Judicial Court, the Commonwealth brings this interlocutory appeal challenging the judge's order. We affirm.
Discussion. 1. Motion to suppress. "In reviewing a ruling on a motion to suppress evidence, we accept the judge's subsidiary findings of fact absent clear error and leave to the judge the responsibility of determining the weight and credibility to be given ... testimony presented at the motion hearing." Commonwealth v. Meneus, 476 Mass. 231, 234 (2017), quoting from Commonwealth v. Wilson, 441 Mass. 390, 393 (2004). "A finding is clearly erroneous if it is not supported by the evidence, or when the reviewing court, on the entire evidence, is left with the firm conviction that a mistake has been committed." Commonwealth v. Hilton, 450 Mass. 173, 178 (2007). Absent clear error, however, we "independently determine the correctness of the judge's application of constitutional principles to the facts as found." Commonwealth v. DePeiza, 449 Mass. 367, 369 (2007), quoting from Commonwealth v. Cantanzaro, 441 Mass. 46, 50 (2004).
The Commonwealth's various claims of error each rely on the argument that the motion judge erroneously found that police lacked reasonable suspicion to believe Canelus was armed and dangerous at the time he was stopped and searched. The Commonwealth asserts that the observations of Cambridge police Detective Mark Clavette gave rise to the inference that Collins possessed a firearm that he later transferred to Canelus.
The motion judge issued comprehensive and detailed findings following an evidentiary hearing. The Commonwealth challenges as clearly erroneous the motion judge's factual findings regarding the particular movement of Collins's hand as Collins rode a bicycle, as observed by Detective Clavette. These movements formed the basis of Clavette's suspicion that Collins, and later Canelus, was armed with a firearm. Specifically, the Commonwealth challenges the motion judge's finding that Detective Clavette observed Collins's left hand, which remained near the top of his left thigh or waistband, to rise each time that his left thigh moved upward while pedaling, and to fall each time that his left thigh pedaled down, seeming to push down "every time ... the left pedal descended from its highest point." The Commonwealth urges instead that the detective's testimony was essentially the opposite: that Collins's hand pushed down as his leg rose, and not as it fell.
A review of the record suggests that the testimony was subject to either interpretation. Even were this particular finding devoid of support in the record, however, we would simply "eliminate [the finding] from our analysis." Commonwealth v. Cawthron, 90 Mass. App. Ct. 828, 835 (2017).See Commonwealth v.Wedderburn, 36 Mass. App. Ct. 558, 558-559 (1994) (deleting finding which was without support in record).
"Appellate courts may supplement a judge's finding of facts if the evidence is uncontroverted and undisputed and where the judge explicitly or implicitly credited the witness's testimony." Commonwealth v. Isaiah I., 448 Mass. 334, 337 (2007). This is not such a case. The motion judge heavily discounted many portions of Detective Clavette's testimony, and explicitly did not credit Clavette's statement that Collins was "pushing down on some object in his waistband as he was pedaling," or that Clavette saw anything that would give rise to a reasonable suspicion that Collins was concealing a firearm as he rode the bicycle, finding that Collins's movements were natural. "The Commonwealth essentially asks us to do what our case law proscribes: to rely on testimony that was neither explicitly nor implicitly credited by the motion judge, otherwise put, that we in essence make additional findings, and reach a different result, based on our own view of the evidence.... This we cannot do." Commonwealth v. Jones-Pannell, 472 Mass. 429, 432 (2015).
Reasonable suspicion that Canelus was armed and dangerous was required to perform a frisk of his person and likewise the backpack he held. See Commonwealth v. Narcisse, 457 Mass. 1, 5 (2010). Based on the facts as found by the motion judge, Clavette lacked such reasonable suspicion. The judge accordingly properly allowed the defendants' motions to suppress the fruits of the illegal search of Canelus.
2. Standing. The Commonwealth argues that the motion judge erred in finding that Collins had standing to challenge the search of the backpack carried by Canelus, as Collins did not possess the backpack, or the firearm within it, at the time of the search.
"The fact that a defendant did not have actual possession of the seized item at the time of the search, or that he was not present at the place where the search was conducted, does not preclude in every instance the defendant from having standing to challenge the legality of the search." Commonwealth v. Frazier, 410 Mass. 235, 243 (1991). "To the extent that [Collins] is a codefendant with [Canelus] in indictments that allege possessory offenses, he may assert an expectation of privacy in items seized from [Canelus]." Commonwealth v. Murphy, 63 Mass. App. Ct. 11, 12 n.2 (2005).
The Commonwealth argues that automatic standing is inapplicable here, as Collins "relinquished his possession of the backpack and gun" when he gave it to Canelus. The Commonwealth urges that Collins is charged with actual possession of the gun prior to this transfer, and not constructive possession a short time later. Nothing in the indictments, however, makes such a distinction, and as the facts of the case are susceptible to either argument, Collins is faced with the "dilemma" anticipated by the automatic standing rule: "[s]hould the defendant claim that he possessed the contraband in order to assert standing, the defendant essentially would admit to having committed the crime. Should the defendant exercise his right to remain silent, the defendant would sacrifice any challenge to the search and seizure." Commonwealth v. Amendola, 406 Mass. 592, 597 (1990). "In these special circumstances, standing is conferred upon the defendant to challenge the search and seizure." Ibid. Accordingly, the motion judge was correct in ruling that Collins could contest the search of the backpack held by Canelus at the time he was stopped.
Order allowing motions to suppress affirmed.